■ In the Matter of JOSEPH P. ALDI, Appellant, against BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF ROTTERDAM AND PRINCETOWN, SCHENECTADY COUNTY, et al., Respondents.— Appeal from an order of the Supreme Court, Special Term, Schenectady County, which denied appellant's application under subdivisions 5 and 6 of section 50-e of the General Municipal Law to file a late notice of claim, or, in the alternative, to amend a claim filed pursuant to the Workmen's Compensation Law so as to comply with the provisions of said section 50-e. We find no improper exercise of discretion in the Special Term's determination that appellant was not physically incapacitated within the meaning of subdivision 5 of section 50-e, so as to be prevented by disability from filing his claim, since, after two weeks' hospitalization on account of a knee injury, he was able to go to his physician's office for treatment and to attend a workmen's compensation hearing. The alternative relief sought was to amend a notice of claim under the Workmen's Compensation Law, apparently made in error, so as to conform it to the requirements of section 50-e for a claim against the respondent Board of Education for damages for negligence. Such an amendment may be ordered pursuant to subdivision 6 of section 50-e only in the case of a mistake, omission, irregularity or defect " not pertaining to the manner or time of service " of the notice of claim. Appellant does not contend that service was made, as required by subdivision 3 of the section, personally or by registered mail upon one of the persons there designated, but relies on the proviso of that subdivision that service shall, nevertheless, be deemed valid if, within the 90-day period, the notice shall actually be received by one of the persons so designated *and* the " party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim." No such examination having been had, the provision relied upon is inapplicable. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ DIAMOND POINT LUMBER CO. INC., Respondent, v. JACK R. CARUANA et al., Appellants.— Appeal from an order of the Supreme Court, Warren County, denying the application of the defendants to change the place of trial from Warren County to Erie County. The Special Term denied the application upon the ground that Warren County was a proper county and that " insufficient facts [were] disclosed concerning the testimony to be presented by the proposed witnesses " to warrant a change of venue for the convenience of witnesses. Order unanimously affirmed, without prejudice to a renewal of the motion upon proper papers. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ KIAMESHA DEVELOPMENT CORPORATION, Respondent, et al., Plaintiff, v. GUILD PROPERTIES, INC., Appellant, et al., Defendants.— Motion to strike out portions of opinion heretofore handed down July 24, 1957, denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See *ante,* p. 334.]